542

SCHWEINER, Respondent, vs. KRALOVETZ, Appellant.

*November 9—December 4, 1934.*

For the appellant there was a brief by *Martin & Martin,* and oral argument by *Joseph Martin* and *John R. Delaney,* all of Green Bay.

For the respondent there was a brief by *W. A. Cowell* of Kewaunee and *Meyer & Cashman* of Manitowoc, and oral argument by *E. A. Meyer.*

WICKHEM, J.   The first contention of defendant is that the evidence does not sustain the jury's conclusion that Frank Kralovetz, the defendant, was guilty of conduct which was the controlling cause of the alienation of the affections of plaintiff's wife.   This requires a consideration of the facts.

At the time of the trial plaintiff was fifty-five years of age and his wife fifty years of age.   The parties were married in February, 1902.   Seven children were born of this marriage.   Two of the children, both sons, lived at home, one of them twenty-one years of age and the other thirteen.   The parties lived on a farm consisting of one hundred sixty acres, eighty acres of which had belonged to plaintiff's father and eighty acres of which he had purchased.   In October, 1929, plaintiff gave Dora Schweiner, his wife, a quitclaim deed to the farm, together with all the personal property.   Plaintiff was in debt, all of the property was mortgaged, and there was some evidence to the effect that the property was mortgaged for more than it was worth.   Matt Kralovetz, brother of defendant, went to live in the Schweiner home about two years before the trial.   On April 23, 1932, defendant went to plaintiff's farm to live.   Plaintiff's testimony was that thereafter his wife frequently went to defendant's room at night; that she went there almost every night for the last three weeks that he stayed at home; that he had seen them in the room together when defendant had no clothes on, and at other times when defendant was clothed only in his under-

wear; that on another occasion he returned to the house and saw defendant sitting on a chair with Mrs. Schweiner on his lap, and that she had her arms around his neck. In addition to these circumstances, plaintiff testified that after defendant came his wife declined to cohabit with him and gave numerous evidences of her loss of regard for him. On October 8, 1932, Mrs. Schweiner commenced an action for divorce against her husband. This action was pending at the time of the trial. All of the testimony heretofore referred to was either denied by plaintiff's wife and defendant or so qualified as to render it innocuous.

The record contains evidence of frequent arguments and quarrels between plaintiff and his wife prior to the time defendant came to their home. Plaintiff had twice been committed to the insane asylum. There is some evidence that plaintiff had interviewed lawyers as early as 1928 about a divorce or separation from his wife. Without attempting to detail these occurrences, it may be said that the picture presented by the evidence, and regarded by the trial court in his decision as undisputed, is that plaintiff and his wife had lived a decidedly turbulent existence for a number of years prior to defendant's entry upon the scene. In spite of this, however, plaintiff and his wife continued to live and cohabit together until the defendant came into their home, and, while the evidence is in conflict, it sustains the jury's conclusion that defendant was guilty of acts which almost immediately alienated whatever was left of love and affection on the part of the wife for her husband, and resulted in a permanent separation. It was a jury question whether defendant was the controlling cause of this situation.

While the principal issue presented a jury question, it is evident from the record that the affection of plaintiff's wife for him had been materially impaired prior to defendant's conduct. This is of vital importance in the assessment of damages. The jury fixed the compensatory damages at

$3,000. This award was not only found by the trial court to be excessive, but elicited the following comment in its memorandum decision:

"I cannot but mention the impassioned arguments made to the jury by plaintiff's three counsel; the word picture they drew, and the sums they appealed to the jury to give. I am satisfied, and have no doubt, but what such arguments swayed the jury and unduly influenced it and they awarded the damages upon the plea of counsel rather than upon the evidence.

"The court would have been better satisfied had both the compensatory and punitory damages been half of what the jury assessed."

This amounts to a judicial determination by the trial court not merely that a grossly excessive award had been made by the jury, but that the assessment was in disregard of the evidence and responsive to emotions engendered by arguments of counsel. This amounts to a conclusion that the jury was misled by passion or prejudice, and that the verdict is perverse upon this issue. In view of these conclusions by the trial court, we are satisfied that a new trial should have been granted. There is a peculiarly intimate relation in this case between the principal issue and that of damages. In order to determine whether defendant's conduct was the controlling cause of the loss by plaintiff of his wife's affections, it was necessary for the jury to examine with care and discrimination the evidence of plaintiff's relations with his wife prior to defendant's conduct. Having done this, it then became necessary to consider the same elements in order to determine the damage occasioned by defendant's misconduct. If the jury, by reason of passion and prejudice, disregarded the evidence applicable to the issue of damages, it is a fair conclusion that the same disregard was present in respect to the principal issue. In *McNamara v. McNamara,* 108 Wis. 613, 619, 84 N. W. 901, 903, it was held:

"If it appears that the elements of passion and prejudice may have entered into, and probably did affect, the decision

of other questions in the case, the court's duty is to grant a new trial absolutely."

This compels a reversal and renders unnecessary a consideration of other errors assigned, but we call attention to the fact that the trial court, in giving to plaintiff an option to accept a reduced amount, set that amount as the sum which, in its opinion, would fully compensate the plaintiff, instead of fixing the lowest sum which a jury, properly instructed, would probably award upon a retrial. This was error. *Lehner v. Kelley,* 215 Wis. 265, 254 N. W. 634.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.