HARRIS, Respondent, vs. KUNKEL, Appellant.

*March 15—April 12, 1938.*

For the appellant there was a brief by *Sanville & Cohn* of Milwaukee and *Lockney, Lowry & Hunter* of Waukesha, and oral argument by *Harold J. Sanville* and *Henry Lockney*.

For the respondent there was a brief by *N. Paley Phillips*, and oral argument by *Mr. Phillips* and *Mr. James M. Pasch*, both of Milwaukee.

FOWLER, J.   The case is an appeal from an order overruling a demurrer to a complaint for alienation of affections on the grounds that it does not state facts sufficient to constitute a cause of action, and that it appears on the face thereof that the one-year statute of limitation, sec. 330.22 (2), had run when the action was commenced.

The complaint states facts sufficient to show that the plaintiff at one time had a cause of action, but it also shows that the plaintiff's wife commenced an action for divorce in January, 1936, wherein a judgment of divorce was entered on March 27, 1936, and that this action was commenced on May 15, 1937. *A priori* it would seem that a cause of action for alienation of affections had arisen in favor of the plaintiff when the judgment of divorce was entered, and that the action is barred by the statute of limitation above cited.

The plaintiff contends, however, that under sec. 247.37 (1), (2) of the statutes the marriage status of the plaintiff and his wife continued until March 27, 1937, and he had until a year from that time in which to bring his action. But we consider the rule is as stated in 37 C. J. p. 898, that the cause of action accrues when the alienation is finally accomplished, and that it is so accomplished when a judgment for divorce is entered, if not before. The basis of the action is loss of consortium. 30 C. J. p. 1128. Loss of consortium

is declared to be a necessary element of the action in *Maahs v. Schultz,* 207 Wis. 624, 242 N. W. 195, and such loss necessarily occurs when a judgment of divorce is granted. "Consortium" means the "companionship or society of a wife," "the conjugal society arising by virtue of the marriage contract," "the duties and obligations which by marriage both husband and wife take upon themselves toward each other in sickness and health," and includes "conjugal affection, society and assistance." 12 C. J. p. 532. The husband loses all this when his wife completely separates from him, and this she necessarily does when a judgment of divorce is entered. Whatever affection, society, association, or relation exists between them thereafter is not "conjugal" and is not legal "consortium."

The language of sec. 247.37 (1), Stats., relied on by plaintiff, is "When a judgment or decree of divorce from the bonds of matrimony is granted so far as it affects the status of the parties it shall not be effective until the expiration of one year from the date of the granting of such judgment or decree." But the remainder of the subsection expressly provides "that it [the judgment] shall immediately bar the parties from cohabitation together," that such cohabitation "before vacation or reversal" of the judgment renders the parties "subject to the penalties provided by sec. 247.39," and the latter section provides that cohabitation after divorce and before intermarriage subjects them (the parties) "to all the penalties provided by law against adultery." Sub. (2) of sec. 247.37, Stats., provides that vacation of a judgment of divorce "shall restore the parties to the marital relation that existed before the granting of such judgment." These provisions manifestly change the marital rights and obligations of the parties, notwithstanding the declaration as to continuance of the "status." Cohabitation, whatever technical meaning be given to the word (see Bishop's Marriage and

Divorce, § 1669, note, and Words and Phrases, First, Second, Third, and Fourth Series), is certainly a marital duty and obligation, and cohabitation includes consortium. When there is no right of cohabitation, there is no right of consortium. Thus there can be no loss or deprivation of consortium after a divorce is granted. This is borne out by statements in the opinions in *Rogers v. Hollister*, 156 Wis. 517, 146 N. W. 488. In the opinion written by Mr. Justice KERWIN, it is stated, page 523:

"Whatever the effect of the judgment may have been under the statute [relating to status] when entered, it at least impaired the relation which formerly existed between [the parties] as husband and wife and severed the social if not the legal relation which formerly existed between them."

And in the concurring opinion of Mr. Justice MARSHALL, it is stated, page 527:

"So, in my judgment, upon the entry of a divorce judgment, as in this case, the parties cease to be man and wife; their former status is not affected, for the time being, as to marriageability; but otherwise their condition is entirely changed. Cohabitation between them during the period of waiting would be adultery and marriage of either person to a third person would be bigamy."

It follows that the demurrer to the complaint should have been sustained on both grounds laid, and that, as the defects of the complaint cannot be cured by amendment, the complaint must be dismissed.

*By the Court.*—The order of the circuit court is reversed, and the cause remanded for entry of order and judgment as indicated in the opinion.