KASPER, Appellant, vs. ENICH, Respondent.

*November 4—December 1, 1953.*

For the appellant there was a brief and oral argument by *Walter J. Steininger,* attorney, and *Benjamin S. True* of counsel, both of Milwaukee.

For the respondent there was a brief and oral argument by *William H. Bowman* of Milwaukee.

MARTIN, J.    Sec. 330.22 (2), Stats., provides that all actions for damages for alienation of affections shall be commenced within one year from the date the cause of action accrues.   The question here is whether such a cause of action accrued when plaintiff's wife was induced to leave their home or when judgment of divorce was entered.   The present action was commenced July 10, 1951.

The basis of the husband's right of action is loss of consortium.   42 C. J. S., Husband and Wife, p. 318, sec. 665. As stated in Anno. 173 A. L. R. 772:

"While the courts are not entirely in agreement upon some features of the question as to accrual of a cause of action for alienation of affections and the commencement of the limitation period thereon . . . it is·generally well settled that the cause of action for alienation of affections accrues and the statute of limitation begins to run thereon at the time the loss of affections or loss of consortium is sustained, rather than at the time of the defendant's misconduct causing such loss."

After citing a number of cases, it is further stated (p. 773):

"Alienation of affections ordinarily is brought about gradually by a series of wrongful acts or persuasions over a substantial period of time, and it would often be difficult to say just which of the several things done predominated in causing the alienation.   And frequently it would be difficult to say just when the defendant's misconduct began or when it terminated.   These inherent difficulties, while not much mentioned by the courts, may, it is suggested, be one reason why the courts have generally considered the limitation period as to actions for alienation of affections to commence at the time the plaintiff loses the affection or consortium of his spouse, rather than at the time of the defendant's wrongful acts which produced that result.   The more basic reason for the general position is that, the cause of action being founded upon loss of the spouse's affection, companionship, society, and services, and such damages being the gravamen of the

action, the cause of action cannot accrue until there is actual loss of consortium or of one of its constituent elements."

According to plaintiff's complaint, the loss of his wife's consortium occurred in October, 1949, when she was induced to desert him. Paragraph 4 of the complaint reads, in part:

". . . that thereafter from February, 1949, and on information and belief, for some time prior to said date, down to October, 1949, the defendant continued his wrongful and unlawful associations with the said Irene Kasper, and in said month of October, 1949, finally induced her, the said Irene Kasper, to desert the plaintiff, and did maliciously entice her to leave the plaintiff from said date of October, 1949, down to October, 1950, the date of the granting of the decree of divorce to the plaintiff; that said defendant did, during said period, continue to associate with, detain, and harbor said Irene Kasper, against the consent of the plaintiff, and in opposition to his utmost peaceable efforts to obtain her from the defendant's custody, control, and influence."

The language of these allegations can mean only that the successful inducement to desert was accomplished in October, 1949, after which time the wife remained away from plaintiff.

In contending that the statute did not run until the judgment of divorce was granted on October 5, 1950, plaintiff cites *Harris v. Kunkel* (1938), 227 Wis. 435, 436, 278 N. W. 868:

"*A priori* it would seem that a cause of action for alienation of affections had arisen in favor of the plaintiff when the judgment of divorce was entered, . . ."

It is to be noted, however, that no allegation was made of desertion or enticement to leave the plaintiff in that action, and it appears from the complaint there that no separation

occurred until the wife commenced an action for divorce. It was also stated in the *Harris Case* (p. 436) :

"But we consider the rule is as stated in 37 C. J. p. 898, that the cause of action accrues when the alienation is finally accomplished, and that it is so accomplished when a judgment for divorce is entered, *if not before.*" (Emphasis supplied.)

Here plaintiff's allegation that his wife was induced to desert him in October, 1949, fixes the time when the alienation was finally accomplished at a date prior to the divorce judgment. His cause of action was then complete, and the statute commenced to run. It is immaterial whether a possibility of reconciliation existed thereafter or whether defendant committed further acts of wrongdoing by inducing the wife to stay away from her husband.

*By the Court.*—Order affirmed.