CHENOW, Respondent, v. ALIOTA, Appellant.

*September 7—October 3, 1961.*

354

For the appellant there was a brief by *Lakes & Marcuvitz,* and oral argument by *Alan Marcuvitz* and by *Jerold I. Perlstein,* all of Milwaukee.

For the respondent the cause was submitted on the brief of *Jack A. Berland* of Milwaukee.

MARTIN, C. J.   Sec. 330.22 (2), Stats., provides that an action for damages for alienation of affections shall be commenced within one year after the cause of action has accrued.

The basis of a cause of action for the alienation of a wife's affections is loss of consortium—the wife's companionship and society, and her duties, such as conjugal affection and assistance, toward her husband. When the loss of con-

sortium occurs, the cause of action accrues and the statute of limitations begins to run. *Kasper v. Enich* (1953), 265 Wis. 318, 61 N. W. (2d) 315; *Harris v. Kunkel* (1938), 227 Wis. 435, 278 N. W. 868; 42 C. J. S., Husband and Wife, p. 318, sec. 665; 27 Am. Jur., Husband and Wife, pp. 125, 140, secs. 523, 524, 541.

It is generally recognized that alienation of affections is a gradual process, usually a series of wrongful acts or persuasions taking place over a period of time and culminating in the loss of consortium of the spouse. See Anno. 173 A. L. R. 773.

We cannot agree with defendant that the allegations of par. 4 of the complaint constitute an admission that the cause of action accrued more than one year prior to the commencement of this action. It is there stated that *"commencing* on or about the 15th day of October, 1957, while the plaintiff was living and cohabiting with his said wife, the defendant, . . . gained the affections of the wife of the plaintiff." There is no difficulty in construing this language to mean that the defendant *began* an unlawful association with plaintiff's wife on October 15, 1957, a continuing association which ultimately led to plaintiff's loss.

In *Arkens v. Bykowski* (1955), 271 Wis. 357, 358, 73 N. W. (2d) 428, under similar facts, although involving a demurrer, this court held:

"The circumstances set out in the complaint may reasonably be construed to be that a cause of action arose within the year limited for the commencement of such an action. It is not timely under the state of the record before us to determine whether or not there had come to pass a complete ending of the relation which ordinarily exists between husband and wife. Although an action for divorce was pending during the month when plaintiff alleges the conduct on the part of the defendant occurred, there is reason on which to base the assumption 'that the home of the parties would

be re-established.' We quote from the trial court's opinion, in which he says: 'In cases of separation as well as those in which divorce actions have been commenced, there is the ever-continuing hope of the re-establishment of the home of the parties. Where an action for divorce has been commenced, the parties are not strangers to each other. The marital status continues until terminated by a proper judgment of divorce.' "

We likewise construe the allegations of this complaint to be that there had not been an immediate loss of consortium on or about October 15, 1957. Thus, the issue as to when the loss actually occurred remains to be tried, and the trial court properly denied the motion.

Since the order is affirmed it is not necessary to discuss other questions raised on the appeal by the plaintiff.

*By the Court.*—Order affirmed.