FISCHER, Respondent, v. MAHLKE, Appellant:

*November 28, 1962—January 8, 1963.*

430

For the appellant there was a brief and oral argument by *James C. McKenzie* of La Crosse.

For the respondent there was a brief and oral argument by *Alex B. Cameron* of La Crosse.

HALLOWS, J. The trial court, the plaintiff, and the defendant approached the solution of the issue in this case from divergent points of view. The trial court's written opinion indicated the alleged alienation was not finally accomplished more than a year prior to the commencement of the action because the plaintiff did not lose all hope of re-establishing the society and companionship of his former wife prior to the judgment of divorce. The plaintiff contends the only proper time to commence an action for alienation of affections is after a decree of divorce had been entered, arguing public policy requires this rule in order to encourage reconciliations. The defendant argues for reversal on the ground there is no substantial issue of fact to be tried because it is undisputed in the affidavits the wife has been separated from the plaintiff since January, 1960, and had started a divorce action the following month.

The trial court probably was influenced by the language in *Arkens v. Bykowski* (1955), 271 Wis. 357, 73 N. W. (2d) 428. The defendant therein demurred to an alienation-of-affections complaint on the ground it did not state a cause of action and the action was barred by the statute of limitations. The briefs in that case indicate the complaint alleged a divorce action was pending during the time the alleged acts of alienation occurred and the plaintiff wife enjoyed the aid, assistance, love, and affection of her husband until the commission of the wrongful acts of the defendant. These alleged acts and their successful accomplishment were all within one year from the commencement of the suit and prior to the divorce judgment. It was apparent the suit if maintainable was not barred by the statute. The language of the opinion, pointing out the plaintiff wife had not completely lost all hope of re-establishing the companionship and society of her husband, must be read as relating to the issue of whether the complaint stated a cause of action. The language of that opinion was inept to justify the allegation of the existence of love and affection pending the divorce action which was admitted on demurrer. Usually the existence or nonexistence of affection during the pendency of a divorce action is a fact not dependent upon the hope of one of the parties and such hope cannot be the basis as a matter of law of deferring or prolonging the loss of affections if, in fact, such loss has occurred. *Kasper v. Enich* (1953), 265 Wis. 318, 61 N. W. (2d) 315.

In the instant case the complaint alleges that by virtue of the granting of the divorce, the affection of the plaintiff's wife was alienated and destroyed and the plaintiff suffered the loss of comfort, aid, society, and consortium of his wife. If this allegation is disputed, a question of fact arises. The defendant claims there is no substantial issue of fact to be tried because it is undisputed the plaintiff's wife separated from him two years prior to the commencement of this action.

To offset this challenge, the plaintiff sets forth in his affidavit that the wife frequently started divorce actions, left him, and became reconciled and argues that in the context of such course of conduct her leaving him in January, 1960, is not to be taken as any indication of a loss of affections.

The issue is whether there is a question of law or a question of fact of when the plaintiff lost the affections of his wife by alienation. Citing the annotation in 173 A. L. R. 773, this court said in *Kasper v. Enich, supra,* and in *Chenow v. Aliota* (1961), 14 Wis. (2d) 352, 111 N. W. (2d) 141, that the alienation of affections was a gradual result of a series of wrongful acts over a substantial period of time and it may be difficult to pinpoint either the precise act causing the alienation or the time when the result was accomplished. Because of this difficulty, most courts have held the period of limitation commences when the plaintiff loses the affection of the spouse rather than the time of any particular acts of the defendant causing the loss.

The cause of action for alienation of affections is to compensate the spouse whose interests incident to the marriage relation have been directly and intentionally invaded by a third person who has no privilege to do so. We stated in *Chenow v. Aliota, supra,* the basis of a cause of action for alienation of the wife's affections is a loss of consortium— the wife's companionship and society and her duties such as conjugal affection and assistance toward her husband. When the loss of consortium occurs, a cause of action accrues and the statute of limitation begins to run.

The word "consortium" in this sense seems to be used to indicate all the interests of the husband or the wife in the marriage relationship which received legal protection. The word is, however, ambiguous and is sometimes used to indicate one or several of such interests, the interference with any one of which sustains a cause of action. In *Maahs v. Schultz* (1932), 207 Wis. 624, 242 N. W. 195, we pointed out a

cause of action for alienation of affections consists of three elements: (a) The wrongful conduct of the defendant, (b) plaintiff's loss of affection or consortium of the other spouse, and (c) causal connection between such conduct and loss. See also *Paulson v. Scott* (1951), 260 Wis. 141, 50 N. W. (2d) 376; *Kundert v. Johnson* (1955), 268 Wis. 484, 68 N. W. (2d) 42. In that context, affection might be the equivalent of consortium or something in addition thereto. However, in *Harris v. Kunkel* (1938), 227 Wis. 435, 278 N. W. 868, we cited *Maahs v. Schultz, supra,* and defined the word "consortium" as including affection and to mean companionship or society of the wife, the conjugal society arising by virtue of the marriage contract, the duties and obligations which by marriage both spouses took upon themselves toward each other include conjugal affection, society, and assistance. The Restatement of the Law of Torts in dealing with direct interference with the marital relationship does not use the word "consortium" and sets forth three torts: (1) Alienation of affections, (2) inducing the wife to separate or refuse to return to her husband, and (3) criminal conversation. Restatement, 3 Torts, pp. 469–478, secs. 683–685. The action for alienation of affections in Wisconsin embraces any one or all three of these causes of action.

There is often difficulty in determining when a spouse has suffered the loss of affection in the narrow sense. The loss must be evidenced by objective manifestations. It may be evidenced by a refusal of cohabitation, by separation, or divorce, or any other conduct on the part of the spouse which indicates a diminution of the regard of one spouse for the other. The unexplained fact the parties to a marriage are living apart at the time the acts complained of ought not to bar recovery nor should the fact the parties are living together unhappily. Where the action is grounded upon criminal conversation, it is obvious the exclusive right of the spouse to sexual relations has been interfered with by the

third party's wrongful act. Likewise, when a judgment of divorce is entered, it is clear that from that time on the spouse is legally deprived of the enjoyment of the marital status. But this does not mean the accrual of a right of action for alienation of affections may not take place prior to separation or the judgment of divorce.

Upon the pleadings and affidavits in the instant case there is an issue of fact of when the cause of action arose. We cannot hold as a matter of law the cause of action arose when the wife separated from her husband in January of 1960. The affidavit of the wife, who is best able to state when her affections for her husband terminated, is peculiarly silent on this point and merely states she left her husband in January of 1960. No explanation is given. Several inferences may reasonably be drawn from the evidence in the affidavits. We have frequently said if inferences to be drawn from credible evidence are doubtful and uncertain, a motion for summary judgment should be denied, and likewise when there is credible evidence which under any reasonable view will either support or admit of an inference in support or denial of a claim of either party, it is for the trier of the fact to draw the proper inference and not for the court to determine on summary judgment which of the two or more permissible inferences should prevail. *Voysey v. Labisky* (1960), 10 Wis. (2d) 274, 103 N. W. (2d) 9; *Hyland Hall & Co. v. Madison Gas & Electric Co.* (1960), 11 Wis. (2d) 238, 105 N. W. (2d) 305; *Zezblatt v. Sampson* (1961), 12 Wis. (2d) 303, 107 N. W. (2d) 122.

We point out sec. 270.635, Stats., as applied to this case, requires the defendant make an affidavit stating the action has no merit. The affidavit by the wife, not a party to this suit, does not fulfil the requirement of the statute although we do not rest the decision on that ground. We also point out the affidavit of the defendant made after the decision of the trial court and filed as part of the record of this appeal was

stricken from the record and not considered. Likewise, we have disregarded many facts dehors the record stated by both counsel in their oral arguments.

*By the Court.*—Order affirmed.