DOBRIENT, Respondent, v. CISKOWSKI, Appellant.

*No. 48.   Argued February 29, 1972.—Decided March 28, 1972.*
(Also reported in 195 N. W. 2d 449.)

For the appellant there was a brief by *Brendel, Flanagan & Sendik, S.C.,* attorneys, and *Thomas R. Fahl* of counsel, all of Wauwatosa, and oral argument by *Mr. Fahl.*

For the respondent there was a brief by *Ruppa & Wegner* of Milwaukee, and oral argument by *Norman W. Wegner.*

CONNOR T. HANSEN, J. The action was commenced October 28, 1969. The complaint alleged that plaintiff and her husband had been living happily together as man and wife until the wrongful acts of the defendant; that upon information and belief, from November of 1968, until August of 1969, the defendant wilfully and knowingly engaged in a course of conduct that sought and accomplished the society, companionship, love, affection and aid of the plaintiff's husband, namely, that the defendant made love to him in person and induced him to associate with her clandestinely and improperly at various times and places during the aforementioned period.

The answer denied all of the material allegations of the complaint. An amended answer alleged, upon information and belief, that the plaintiff's loss, if any, was occasioned more than one year next preceding the commencement of the action.

April 30, 1970, the defendant moved for summary judgment. The motion was supported by the affidavit of the defendant's attorney which contained portions of an adverse examination of the plaintiff. The plaintiff testified that on September 7, 1969, after receiving evi-

dence in the mail that her husband and the defendant had been together out west in October of 1967, she called the defendant. Defendant told her over the telephone that she had been living with plaintiff's husband for the past three years. Upon confronting her husband with this fact, he admitted chasing the defendant, being at her house every day and having relations with her for the past three years. Plaintiff testified that after October of 1967, her husband had cooled towards her; that they were not as intimate as before; and that he had demanded his own room. She later found out that the defendant was the one who insisted he have a separate room. Plaintiff further testified that she felt her husband was in love with the defendant in 1967, and that it seemed her husband was not in love with her after that time although they were still having relations. Finally, plaintiff testified she had no personal knowledge of anything that occurred between her husband and the defendant until she was presented with the documentary evidence in the mail and so informed by the defendant as hereinbefore stated. No affidavits in opposition to the motion were presented.

The rules governing the disposition of a cause on motion for summary judgment are well established and have been recently restated by this court in *Marshall v. Miles,* ante, p. 155, 194 N. W. 2d 630. It would serve no useful purpose to review the procedure relative to such a motion except to restate what was said in *Hardscrabble Ski Area v. First Nat. Bank* (1969), 42 Wis. 2d 334, 338, 339, 166 N. W. 2d 191:

". . . [A]n order denying a motion for summary judgment will not be reversed until it appears that the trial court has abused its legal discretion or has not exercised it."

The trial court stated the following reason for denying the motion:

". . . While the defendant's affidavit indicates an alienation, the actual point in which the love of the husband was alienated completely in the loss of consortium, the loss of the husband's society and companionship and his duties such as conjugal affection and assistance towards her is an issue of fact that must be determined by this court from the evidence as it is submitted at the trial, not from affidavits and adverse examinations which have evidentiary limitations."

The elements necessary to prove a cause of action for the alienation of affections are (1) wrongful conduct by the defendant; (2) loss of affection or consortium of the spouse; and (3) a causal connection between the wrongful conduct and the loss. *Schneider v. Mistele* (1968), 39 Wis. 2d 137, 140, 158 N. W. 2d 383. In addition to the acts which occurred in October of 1967, the evidence appears to establish that the plaintiff's husband had sexual relations with the defendant during a three-year period subsequent to 1966.

The question presented on this appeal concerns the alleged wrongful acts of the defendant insofar as they relate to the point in time at which the alienation, if any, was accomplished. Ordinarily, the alienation of affection is the gradual result of a series of wrongful acts over a substantial period of time culminating in a loss of consortium. The cause of action accrues when the alienation or loss of affection is finally accomplished. *Fischer v. Mahlke* (1963), 18 Wis. 2d 429, 118 N. W. 2d 935; *Chenow v. Aliota* (1961), 14 Wis. 2d 352, 111 N. W. 2d 141; *Harris v. Kunkel* (1938), 227 Wis. 435, 278 N. W. 868; Annot. (1948), *Limitations—Loss of Services*, 173 A. L. R. 750, 772, sec. 20.

In arguing that the alienation of affections was accomplished on or before October of 1967, appellant seems to rely primarily on plaintiff's statements in her adverse examination that she believed that her husband was in love with the defendant as of that date and that thereafter he was no longer in love with her. This argument

fails to consider that the alienation of affection or loss of consortium may, and often does, embrace more than the loss of a spouse's love. In this particular context, this court has defined consortium "as including affection," and to mean companionship or society of which the conjugal affection, society and assistance contained within the relationship of marriage is included. *Fischer v. Mahlke, supra,* page 434; *Harris v. Kunkel, supra,* page 437. Plaintiff's complaint alleges:

". . . That by reason of the premises the plaintiff and . . . [her husband] have become estranged and his love, affection and regard for the plaintiff have been destroyed and the plaintiff has been and still is wrongfully deprived by the defendant of the comfort, society, aid, assistance, love and affection of her said husband and the happiness and benefits she otherwise would have received at his hands . . . ."

The evidence shows continuing acts of wrongful conduct and association subsequent to October of 1967, on the part of the defendant. Plaintiff's admissions do not indicate the abruptness of change in her husband's attitude or in the intimacy of their relationship. Under such circumstances, the record is insufficient to show conclusively that the alienation was accomplished more than one year next preceding the commencement of the action.

The trial court properly exercised its legal discretion in denying the defendant's motion for summary judgment.

*By the Court.*—Order affirmed.