ALAIMO, Respondent, v. SCHWANZ, Appellant.

*No. 205. Argued October 4, 1972.—Decided October 31, 1972.*
(Also reported in 201 N. W. 2d 604.)

200

For the appellant there was a brief and oral argument by *L. William Connolly* of Milwaukee.

For the respondent there was a brief and oral argument by *Herbert L. Usow* of Milwaukee.

ROBERT W. HANSEN, J.  On appeal the defendant in this action for alienation of affections argues that (1)

the evidence does not support the verdict; and (2) the damages are excessive.

*Sufficiency of evidence.*

The elements which must be proved in a cause of action for alienation of affections are: (1) Wrongful conduct by the defendant; (2) plaintiff's loss of affection or consortium of the other spouse; and (3) a causal connection between the defendant's conduct and the plaintiff's loss. [1]

The challenge here to the sufficiency of the evidence targets the finding of plaintiff's loss of affection. Appellant contends that the record, particularly the testimony of plaintiff herself, establishes that there was no loss of affection suffered.

One point of attack is that the plaintiff and her former husband continued to see each other during the time of the claimed alienation of affections, and after this action was commenced. [2] But physical separation of the spouses is not a prerequisite to an action for alienation of affections. [3] Conduct on the part of the spouse which "indicates a diminution of the regard of one spouse for the other" is sufficient to establish a loss of affection. [4] And the possibility of reconciliation in the case of

---

[1] *Schneider v. Mistele* (1968), 39 Wis. 2d 137, 140, 158 N. W. 2d 383; *Kundert v. Johnson* (1955), 268 Wis. 484, 485, 68 N. W. 2d 42; *Paulson v. Scott* (1951), 260 Wis. 141, 143, 50 N. W. 2d 376; *Maahs v. Schultz* (1932), 207 Wis. 624, 633, 242 N. W. 195.

[2] Plaintiff testified that she did not consider her marriage to be beyond reconciliation until after the present suit had been started; that she and her former husband continued to live together after being divorced and that they had returned from a trip to California only three weeks before the trial began.

[3] "Physical separation of the spouses, or the abandonment of the plaintiff by his or her spouse, is not necessary to ground an action for alienation of affections. . . ." 41 Am. Jur. 2d, *Husband and Wife,* p. 394, sec. 467.

[4] *Fischer v. Mahlke* (1963), 18 Wis. 2d 429, 434, 118 N. W. 2d 935, holding: "There is often difficulty in determining when a

separation or improvement of the situation where there has been a "diminution of the regard" does not change the test, although it may diminish damage limits.[5]

As to whether there was here a "diminution of the regard," along with the eventual divorce, as a consequence of appellant's actions, there is conflict in the testimony. It is true that the respondent testified that, until recently, her former husband constantly told her that he loved her. However, respondent also testified that appellant told her of her continuing association with respondent's husband.[6] This, plus other testimony as to what was going on between appellant and respondent's husband, warranted the jury in finding that the respondent did suffer a "diminution of the regard" or loss of affection. It is not necessary to prove that everything in the store has been stolen, to establish that some things certainly have been.

---

spouse has suffered the loss of affection in the narrow sense. The loss must be evidenced by objective manifestations. It may be evidenced by a refusal of cohabitation, by separation, or divorce, or any other conduct on the part of the spouse which indicates a diminution of the regard of one spouse for the other. . . ."

[5] *See: Kasper v. Enich* (1953), 265 Wis. 318, 321, 61 N. W. 2d 315, dealing with a statute of limitations problem, stating: "Here plaintiff's allegation that his wife was induced to desert him in October, 1949, fixes the time when the alienation was finally accomplished at a date prior to the divorce judgment. His cause of action was then complete, and the statute commenced to run. It is immaterial whether a possibility of reconciliation existed thereafter . . . ."

[6] Respondent testified, "[Appellant] would say that, yes, they were still seeing each other; that they were in love; and they were planning on getting married." ". . . And [appellant] volunteered the information that they were engaged; they had announced their engagement to her parents and to their friends, and they were planning on getting married. . . ." "[Appellant] told me that she didn't know Joe was still seeing me [respondent]; that they had plans for getting married; and that she loved Joe and she believed that Joe loved her."

Nor do we agree with appellant that marital difficulties between plaintiff and her husband prior to the events in question preclude a finding of loss of affection. They are material on the issue of damages, we would hold, but do not operate to bar any recovery.[7] In fact, we find much of appellant's argument aimed at establishing that the affection of plaintiff's husband was not greatly diminished, rather than that it was not diminished at all. While the jury apparently believed testimony offered on behalf of plaintiff, rather than that offered by appellant, it had a right so to do. Their verdict stands since there is "credible evidence" to support it. That is the test.[8]

Also contending that her motions for nonsuit and directed verdict should have been granted, appellant invokes the rule that, where a party plaintiff testified at trial to a specific and pivotal fact, within his knowledge which shows as a matter of law that he cannot recover, he is bound by such testimony and no jury issue can arise.[9] As to the plaintiff's testimony as to the regard in which her husband held her, and whether it was being diminished, this was not a fact entirely within her own knowledge.[10] As to plaintiff's testimony that her former

---

[7] *See: Schweiner v. Kralovetz* (1934), 216 Wis. 542, 257 N. W. 449.

[8] ". . . if there is any credible evidence which under any reasonable view fairly admits of inferences which support the jury's verdict, the verdict must be sustained . . . ." *Bergmann v. Insurance Company of North America* (1970), 49 Wis. 2d 85, 87, 181 N. W. 2d 348.

[9] 169 A. L. R. 798, *Binding effect of party's own unfavorable testimony.*

[10] *See: King v. Spencer* (1932), 115 Conn. 201, 205, 161 Atl. 103, 105, stating the exception to the general rule: ". . . Where also the testimony of a party relates, not to a fact peculiarly within his own knowledge and as to which he could not be mistaken, but is in

spouse moved out of the house at her request, it is enough to note that (1) the husband's actual reason for leaving was not within her knowledge; and (2) physical separation of the parties, as above noted, in this state and elsewhere, is not an essential element of an action for alienation of affections.[11]

*Excessiveness of damages.*

This court has said that there "is no measuring stick by which to set a value of consortium, love and affection."[12] It follows that damages recoverable in an alienation of affections suit are "peculiarly within the province of the jury."[13] However, this is not to be read as meaning that it makes no difference whether the marital relationship interfered with was a pleasant, tranquil and fulfilling one, or one marked by frequent episodes of violence, separations, calls to the police to prevent mayhem, or visits to the divorce court. What was in the store before it was burglarized at least sets a limit to what could have been burglarized.

The general rule applicable in this state has been stated to be: "Generally speaking, all the facts and circumstances that go to show a reduction in the amount necessary to compensate the plaintiff on account of the wrong for which suit is brought may be shown in mitigation of damages. This principle applies in an action

---

the nature of an estimate or opinion as to which he may honestly be mistaken, he does not unequivocally concede that the fact is in accord with the opinion expressed, and there is no injustice in permitting the court to consider the other evidence in the case, and determine from all the evidence what the actual facts are. . . ." *See also: State ex rel. Fleckenstein v. District Court* (1916), 134 Minn. 324, 159 N. W. 755.

[11] *Fischer v. Mahlke, supra,* at page 434. *See also:* 41 Am. Jur. 2d, *Husband and Wife,* p. 394, sec. 467.

[12] *Kundert v. Johnson* (1955), 268 Wis. 484, 488, 68 N. W. 2d 42.

[13] *Id.* at page 488.

for alienation of affections .... Among the facts and circumstances that may be shown and considered as tending to mitigate or lessen damages are lack of affection, indifference, or repugnance on the part of the plaintiff's spouse toward the plaintiff, and unhappy marital relations, before the relationship with defendant ...." [14]

The facts and circumstances that go to mitigation of damages in the case before us are those that clearly establish that, for a long period of years, the plaintiff and her husband were not living in harmony as spouses. For example, it is established that:

(1) The plaintiff had initiated divorce proceedings against her former husband on three or four different occasions before seeking the divorce which was granted. Their institution indicates something less than a harmonious marital situation before the relationship of plaintiff's husband with appellant began.

(2) On various occasions plaintiff and her husband had disputes involving physical violence. On several occasions it was necessary to have the police called to prevent serious harm. The testimony would support a finding that police were called to prevent the husband from beating plaintiff but, without regard to that, a frequent ruffling of the surface of the marital sea is evident.

Additionally, testimony that was insufficient to preclude liability does nevertheless add mitigating facts and circumstances. That plaintiff-respondent believed reconciliation possible until after the present suit had been started, that she and her former husband continued to live together after being divorced and that she had returned from a trip to California with him only three weeks before this trial began, all constituted facts and

---

[14] 41 Am. Jur. 2d, *Mitigation*, p. 408, sec. 483.

circumstances not irrelevant to the issue of damages recoverable.

In the light of these accompanying circumstances, facts relevant on the matter of damages, we hold the jury allowance of $15,000 to be excessive. We do not find that the excessive verdict is the result of perversity or prejudice. We do not find it the result of any error occurring during the course of the trial. We do find that the reasonable amount of plaintiff's damages could not be set above the sum of $10,000. Applying the *Powers* rule,[15] we grant to the respondent the right to a new trial on the issue of damages only or in lieu thereof the respondent, at her option, may have judgment entered for the reduced amount of damages, $10,000.

*By the Court.*—Judgment affirmed in part, reversed in part, and cause remanded for further proceedings pursuant to this opinion.

[15] *Powers v. Allstate Ins. Co.* (1960), 10 Wis. 2d 78, 102 N. W. 2d 393.