COREEN ANGLIN-STONE AND EDWIN STONE, PLAINTIFFS v. SCOTT CURTIS, DEFENDANT

No. COA-00-1211

(Filed 16 October 2001)

**Appeal and Error— appealability—sufficiency of service of process—interlocutory order**

Defendant's appeal from the trial court's order finding under N.C.G.S. § 1A-1, Rule 60(b) that plaintiff had obtained sufficient service of process over defendant in an automobile negligence action is dismissed as interlocutory even though the trial court certified the appeal under N.C.G.S. § 1A-1, Rule 54(b), because: (1) a trial judge cannot denominate his decree as a final judgment and make it immediately appealable under Rule 54(b) if it is not such a judgment; and (2) a motion raising a question of sufficiency of service or process is interlocutory and does not fall within N.C.G.S. § 1-277(b).

Appeal by defendant from order entered 14 July 2000 by Judge Henry V. Barnette, Jr. in Superior Court, Wake County. Heard in the Court of Appeals 12 September 2001.

*Patterson, Dilthey, Clay & Bryson, L.L.P., by G. Lawrence Reeves, Jr., and Currie, Becton & Stewart, by Elwood Becton for plaintiff-appellees.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Steven M. Sartorio and Christopher G. Smith for defendant-appellant.*

WYNN, Judge.

Defendant argues on appeal that the trial court erred in finding under Rule 60(b) that plaintiff had obtained sufficient service of process over him. However for controlling reasons set forth in *Metcalf v. Palmer*, 46 N.C. App. 622, 265 S.E.2d 484 (1980) and *Berger v. Berger*, 67 N.C. App. 591, 313 S.E.2d 825 (1984), we must dismiss this appeal as interlocutory.

Plaintiff brought this automobile negligence action against "Scott Curtis"; in fact, defendant's name is "Curtis Scott." Apparently, the confusion in inverting defendant's name originated with the accident report which on one page identified defendant as "Scott Jerome Curtis" but on the second page identified him as "Curtis Jerome Scott."

Initially, the trial court granted defendant's motion to dismiss this action under Rule 12(b)(2)(4) and (5), finding that "there was no evidence of proper service on Curtis Jerome Scott" and that "[t]he statute of limitations of this matter is expired." Subsequently, the trial court granted plaintiff relief from that dismissal under Rule 60(b) finding that (1) "Scott Curtis" was a misnomer that did not invalidate either the Complaint or Summons and (2) correcting the name to "Curtis Jerome Scott" does not constitute another party. The trial court concluded that "amending the Summons and Complaint to correct the misnomers contained therein relates back to the date original Summons and Complaint were filed." Thereafter, the trial court certified this matter for review under Rule 54(b), and defendant brought this appeal.

Preliminarily, it should be noted that "Rule 54(b) of the Rules of Civil Procedure allows appeal if the specific action of the trial court from which appeal is taken is final and the trial judge expressly determines that there is no just reason to delay appeal." *Cagle v. Teachy*, 111 N.C. App. 244, 246, 431 S.E.2d 801, 803 (1993) (emphasis omitted). "[A] trial judge by denominating his decree a final judgment cannot make it immediately appealable under Rule 54(b) if it is not such a

judgment." *Tridyn Indus., Inc. v. American Mut. Ins.* Co., 296 N.C. 486, 491, 251 S.E.2d 443, 447 (1979). *See also Morris Commun. Corp. v. City of Asheville,* 145 N.C. App. 597, —— S.E.2d —— (August 21, 2001). In *Metcalf v. Palmer, supra,* this Court dismissed a defendant's attempt to appeal from a granted Rule 60(b)(1) motion holding that:

> The order appealed from is interlocutory. It does not affect any substantial right of defendants which cannot be protected by timely appeal from the trial court's ultimate disposition of the entire controversy on the merits. Its only effect is to require defendants to face a trial on the merits . . . .

46 N.C. App. at 624, 265 S.E.2d 484. *Accord Bailey v. Gooding,* 301 N.C. 205, 270 S.E.2d 431 (1980) (An order allowing a motion under Rule 60(b) is not appealable because it is interlocutory and does not affect a substantial right.); *Blackwelder v. Dept. of Hum. Res.,* 60 N.C. App. 331, 333, 299 S.E.2d 777, 779 (1983) (An appeal is interlocutory "if it does not determine the issues but directs some further proceeding preliminary to final decree.").

Moreover, in determining the appealability of a personal jurisdiction issue, this Court in *Berger v. Berger, supra,* held that:

> [i]f defendant's motion raises a due process question of whether his contacts within the forum state were sufficient to justify the court's jurisdictional power over him, then the order denying such a motion is immediately appealable under G.S. 1-277(b). If, on the other hand, defendant's motion, though couched in terms of lack of jurisdiction under Rule 12(b)(2), actually raises a question of sufficiency of service or process, the order denying such motion is interlocutory and does not fall within the ambit of G.S. 1-277(b).

67 N.C. App. at 595, 313 S.E.2d at 828-29.

In the present case, defendant does not question whether his contacts with North Carolina were sufficient to justify the court's jurisdictional powers over him. Rather, the underlying basis of defendant's argument concerns whether there was proper or sufficient service over him.

Since *Berger* prohibits such appeals as interlocutory and certification of the case under Rule 54(b) does not make it a final judgment, we dismiss this appeal as premature.

Appeal dismissed.

Judges HUNTER and TYSON concur.