JOSH W. MUNDEN, III AND WIFE, ANN B. MUNDEN; RONALD LOCKE AND WIFE, GAYLE
T. LOCKE; CHARLOTTE C. LOCKE; GENE WATSON AND WIFE, SARAH WATSON;
MIRIAM M. QUICK; J. JERRY JOHNSON; FRED HOGGARD AND WIFE, SANDRA
HOGGARD, PLAINTIFFS v. RICHARD COURSER AND WIFE, MARTHA COURSER;
STONEHOUSE TIMBER LODGE, INC.; THE COUNTY OF WARREN, A BODY POLITIC
AND CORPORATE; HARRY M. WILLIAMS, III, CHAIRMAN OF THE BOARD OF
COMMISSIONERS OF WARREN COUNTY; CLINTON G. ALSTON, MICHAEL A. JONES,
GLEN A. RICHARDSON AND ROGER L. WILLIAMS, MEMBERS OF THE BOARD OF
COMMISSIONERS OF WARREN COUNTY, DEFENDANTS

No. COA01-1534

(Filed 31 December 2002)

**Appeal and Error— appealability—interlocutory order—grant
of partial summary judgment**

Plaintiffs' appeal from the trial court's grant of partial sum-
mary judgment on some but not all issues in a case seeking to
require defendants to remove improvements to their real prop-
erty is dismissed as an appeal from an interlocutory order, and
plaintiffs' brief contains no statement regarding a substantial
right that would be affected by the dismissal of this appeal.

Appeal by plaintiffs from judgment entered 4 August 2001 by
Judge Robert H. Hobgood in Warren County Superior Court. Heard in
the Court of Appeals 12 September 2002.

*Banzet, Banzet & Thompson, PLLC, by Lewis A. Thompson, III,
for plaintiff-appellants.*

*Zollicoffer & Long, by Nicholas Long, Jr., for defendant-
appellees, Richard Courser and Martha Courser and Stonehouse
Timber Lodge, Inc.*

*Cranfill, Sumner & Hartzog, LLP, by Susan K. Burkhart, for
defendant-appellees, Board of Commissioners of Warren
County and Warren County.*

CAMPBELL, Judge.

Plaintiffs are eleven landowners who own property adjacent to or
close to property owned by Richard and Martha Courser and the
Stonehouse Timber Lodge ("Stonehouse defendants"). Warren
County and its Board of Commissioners ("Warren County defend-
ants") are also parties to the suit. Plaintiffs appeal from the trial
court's order granting partial summary judgment to both groups of

defendants on some but not all issues, these issues having been stipulated to by the parties and submitted to the trial court for partial summary judgment. Because we rule that this appeal is interlocutory and does not affect a substantial right, we dismiss the appeal.

The relevant procedural history of this case is as follows: Plaintiffs originally brought this action to require the Stonehouse defendants to remove improvements to their real property. On 25 May 2001, the parties filed a stipulation as to three issues to be heard by the trial court on motions for partial summary judgment. The issue submitted on appeal is whether a zoning classification exists for the area adjacent to the Stonehouse defendants' property depicted as Lake Gaston on the Warren County Zoning Map. The trial court ruled that no zoning classification exists below the mean high water mark of "Lake Gaston" and thus, the Stonehouse defendants do not have to comply with the Warren County Zoning Ordinance for any structure built on the lake or shoreline below the mean water mark. All of the parties agree that plaintiffs' appeal is interlocutory in that there are still issues remaining to be decided in the trial court. However, plaintiffs and the Stonehouse defendants argue that this Court, nonetheless, should decide the issue on appeal as it affects a substantial right. Warren County defendants argue that the appeal should be dismissed as interlocutory and not affecting a substantial right. We agree with the Warren County defendants.

A ruling on a motion for partial summary judgment that leaves issues remaining for trial is not a final judgment, but is interlocutory in nature, and therefore is not immediately appealable. N.C. Gen. Stat. § 1A-1, Rule 54(b) states in part:

> In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes.

N.C. Gen. Stat. § 1A-1, Rule 54(b) (2001); *see also Veazey v. Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). Even if the lower court's ruling on the parties' motions for partial summary judgment was considered a final judgment as to the issue presented, no appeal of right will lie unless the decree is certified for appeal by the trial court pursuant to N.C. Gen.

Stat. § 1A-1, Rule 54(b) (2001). As that is not the case, here, plaintiffs' appeal is premature.

Plaintiffs and Stonehouse defendants, however, suggest that we may review the appeal under N.C. Gen. Stat. § 1-277(a) and 7A-27(d)(1), which allow interlocutory appeals if "the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review." *N.C. Dept. of Transp. v. Page*, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995). For this Court to consider the appeal, "the right itself must be substantial and the deprivation of that substantial right must potentially work injury to plaintiff if not corrected before appeal from final judgment." *Goldston v. American Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990). This Court must consider these appeals by " 'the particular facts of [each] case and the procedural context in which the order from which appeal is sought was entered.' " *Bernick v. Jurden*, 306 N.C. 435, 439, 293 S.E.2d 405, 408 (1982) (quoting *Waters v. Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978)). Although the Stonehouse defendants argue on behalf of plaintiffs that a substantial right will be lost if this appeal is not considered, this does not relieve appellants of their obligation under our rules.

N.C.R. App. P. 28 requires that the appellant's brief contain a statement of the grounds for appellate review containing "sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." N.C.R. App. P. 28(b)(4) (2001). Plaintiffs failed to comply with this rule. Plaintiffs' brief contains no statement regarding a substantial right that would be affected by our dismissal of this interlocutory appeal. As this Court has said before, "[i]t is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order[.]" *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994).

Accordingly, because no final judgment was entered, nor was any substantial right of the plaintiffs affected, we dismiss this appeal as interlocutory.

Appeal dismissed.

Judges TIMMONS-GOODSON and HUDSON concur.