PATRICIA McCUTCHEN, PLAINTIFF v. DEBORAH T. McCUTCHEN, DEFENDANT

No. COA03-1630

(Filed 3 May 2005)

**1. Appeal and Error— appealability—summary judgment— substantial right—alienation of affections—criminal conversation**

Although plaintiff's appeal from the trial court's grant of summary judgment for defendant as to plaintiff's claim for alienation of affections is an appeal from an interlocutory order, a substantial right is affected where the trial court granted plaintiff's motion for summary judgment on her claim for criminal conversation but reserved the issue of damages for further hearing, because the elements of damages are so closely related between this claim and the claim for criminal conversation that they do not support separate awards for each case.

**2. Alienation of Affections; Statutes of Limitation and Repose— preseparation conduct—summary judgment**

The trial court did not err by granting defendant's motion for summary judgment as to plaintiff's claim for alienation of affections, because: (1) the statute of limitations under N.C.G.S. § 1-52(5) provides a three-year limit for criminal conversation or for any other injury to the person or rights of another not arising on contract or otherwise enumerated, and absent other specific

1

McCUTCHEN v. McCUTCHEN

[170 N.C. App. 1 (2005)]

limitations this statute applies to all causes of action for personal injuries not elsewhere specified by statute including the cause of action for alienation of affections; (2) plaintiff has conceded the acts complained of occurred preseparation more than three years prior to filing her complaint; and (3) an alienation of affections claim must be based on preseparation conduct.

Judge TYSON dissenting.

Appeal by plaintiff from order filed 6 August 2003 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 15 September 2004.

*The Mueller Law Firm, P.A., by Colby L. Hall, for plaintiff-appellant.*

*Tharrington Smith, L.L.P., by Lynn P. Burleson and Suzanne R. Ladd, for defendant-appellee.*

BRYANT, Judge.

Patricia McCutchen (plaintiff) appeals an order filed 6 August 2003, granting Deborah T. McCutchen's (defendant) motion for summary judgment as to plaintiff's claim for alienation of affections.

Plaintiff and Byron McCutchen were married on 1 June 1968, separated on 9 September 1998, and divorced on 30 May 2002. Their marriage produced three children who are all now adults.

Defendant became acquainted with Byron through her membership with Greenwood Forest Baptist Church, where Byron was a deacon. Defendant and Byron began a sexual relationship in September 1998, and after plaintiff and Byron were divorced, defendant and Byron married.

Plaintiff commenced an action for alienation of affections and criminal conversation on 25 April 2003. On 21 July 2003, plaintiff's motion for summary judgment was granted as to the criminal conversation claim, with damages to be reserved for further hearing. By order filed 6 August 2003, defendant's motion for summary judgment as to the claim for alienation of affections was granted. Plaintiff filed notice of appeal on 26 August 2003.

*Interlocutory Appeal*

[1] The trial court's ruling on a motion for summary judgment, leaving the issue of damages remaining for review, is not a final judgment,

McCUTCHEN v. McCUTCHEN

[170 N.C. App. 1 (2005)]

but instead interlocutory in nature, and therefore is not immediately appealable. *See Schuch v. Hoke*, 82 N.C. App. 445, 446, 346 S.E.2d 313, 314 (1986) (stating that an order granting a party's motion for summary judgment, reserving for later determination the issue of damages, is an interlocutory order not immediately appealable). N.C. Gen. Stat. § 1A-1, Rule 54(b) states in pertinent part:

> In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes.

N.C.G.S. § 1A-1, Rule 54(b) (2003); *see also Veazey v. Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950). "Even if the lower court's ruling . . . was considered a final judgment as to the issue presented, no appeal of right will lie unless the decree is certified for appeal by the trial court pursuant to . . . Rule 54(b) . . . . As that is not the case, here, plaintiffs' appeal is premature." *Munden v. Courser*, 155 N.C. App. 217, 218, 574 S.E.2d 110, 112 (2002).

In certain instances, this Court may review interlocutory appeals pursuant to N.C. Gen. Stat. § 1-277(a) and 7A-27(d)(1), which allow for review of interlocutory appeals if "the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review." *N.C. Dept. of Transp. v. Page*, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995). For this Court to review the appeal on its merits, "the right itself must be substantial and the deprivation of that substantial right must potentially work injury to plaintiff if not corrected before appeal from final judgment." *Goldston v. American Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990).

Pursuant to Rule 28 of the North Carolina Rules of Appellate Procedure, appellant's brief must contain a statement of the grounds for appellate review containing therein "sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." N.C. R. App. P. 28(b)(4). In the instant case, plaintiff failed to comply with this requirement, as plaintiff's brief does not contain a statement regarding whether a substantial right would be affected if this appeal were not immediately reviewed. During oral arguments, however, plaintiff did state that if this appeal

is deemed to be interlocutory, a substantial right is affected, subjecting the trial court's ruling to immediate appeal. In addition, defendant did brief and present at oral arguments, statements that this appeal is an interlocutory appeal and reasons the trial court's ruling is immediately appealable.

Notwithstanding the fact that no final judgment was entered as to the issue of damages for the tort of criminal conversation, nor was Rule 54 certification granted, we conclude that this appeal does affect a substantial right which would be lost absent immediate review. Specifically, as both parties acknowledged at oral argument and defendant contended in her brief, "[s]ince the elements of damages are so closely related, they do not support separate awards for each tort." 1 Suzanne Reynolds, *Lee's North Carolina Family Law* §5.48(A), at 415 (5th ed.); *see Sebastian v. Kluttz*, 6 N.C. App. 201, 220, 170 S.E.2d 104, 116 (1969) ("the two causes of action [alienation of affections and criminal conversation] and the elements of damages . . . are so connected and intertwined, only one issue of compensatory damages and one issue of punitive damages should [be] submitted to the jury").

---

[2] The sole issue on appeal is whether the trial court erred in granting defendant's motion for summary judgment as to the alienation of affections claim.

Pursuant to Rule 56(c) of the Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (2003). The moving party has the burden of establishing the absence of any genuine issue of material fact, and the trial court should view the evidence in the light most favorable to the nonmoving party. *Norris v. Zambito*, 135 N.C. App. 288, 293, 520 S.E.2d 113, 116 (1999).

In North Carolina, civil actions may only be commenced within time periods specified in Chapter 1 of the North Carolina General Statutes, except where, in special cases, a different limitation is specified by statute. N.C.G.S. § 1-15(a) (2003) ("Civil actions can only be commenced within the periods prescribed in this Chapter, after the cause of action has accrued, except where in special cases a different limitation is prescribed by statute."). Accrual of a cause of action is the point at which we determine when the limitation period begins to

run. N.C.G.S. § 1-15(a) (2003); *see Hoyle v. City of Charlotte*, 276 N.C. 292, 307 172 S.E.2d 1, 11 (1970). A cause of action accrues and the statute of limitations begins to run at the time in which a party becomes liable. *Sebastian*, 6 N.C. App. at 210, 170 S.E.2d at 109. The statute of limitations does not begin to run until the plaintiff is entitled to sue. *Willetts v. Willetts*, 254 N.C. 136, 145, 118 S.E.2d 548, 554 (1961). Rather, once the cause of action accrues and the statute of limitations begins to run, the statute of limitations continues to run uninterrupted unless stayed by judicial process. *Travelers Ins. Co. v. Rushing*, 36 N.C. App. 226, 228, 243 S.E.2d 420, 421-22 (1978).

Pursuant to N.C. Gen. Stat. § 1-52(5), the statute of limitations is three years for "criminal conversation, or for any other injury to the person or rights of another, not arising on contract and not hereafter enumerated." N.C.G.S. § 1-52(5) (2003). Absent other specific limitations, subdivision (5) of N.C. Gen. Stat. § 1-52, appears to apply to all causes of action for personal injuries not elsewhere specified by statute, including the cause of action for alienation of affections. *See Smith v. Cessna Aircraft Co.*, 571 F. Supp. 433 (M.D.N.C. 1983). "[If] the plaintiff's claim is barred by the running of the statute of limitations[] . . . defendant [is] entitled to judgment as a matter of law, and summary judgment . . . [is] appropriate." *Brantley v. Dunstan*, 10 N.C. App. 706, 706, 179 S.E.2d 878, 878 (1971); *see also Yancey v. Watkins*, 17 N.C. App. 515, 519, 195 S.E.2d 89, 92 (1973) ("[W]here the [bar] is properly pleaded and all facts with reference thereto are admitted, the question of limitations becomes a matter of law.").

In *Pharr v. Beck*, 147 N.C. App. 268, 554 S.E.2d 851 (2001), plaintiff-wife was awarded damages based on the alienation of her husband's affections by defendant-mistress. The trial court denied the mistress's motion for directed verdict and judgment notwithstanding the verdict. The mistress appealed.

On appeal, the mistress argued that the merits of the alienation of affections claim should have been determined solely based on the events occurring prior to the date of separation. The wife contended that her claim was properly founded on events not only occurring prior to divorce, but including a period of time after the spouses separated. This Court held that the pre-separation evidence revealed that the mistress engaged in intentional conduct that probably affected the husband's marital relationship with his wife, and this conduct was the effective cause of the husband's loss of affections for his wife. This Court also held that it was inconsistent to permit a spouse to recover damages in an alienation of affections claim against a third

McCUTCHEN v. McCUTCHEN

[170 N.C. App. 1 (2005)]

party for conduct post-separation while prohibiting consideration of conduct post-separation in an alimony claim. Accordingly, this Court concluded "an alienation of affection[s] claim must be based on pre-separation conduct, and post-separation conduct is admissible only to the extent it corroborates pre-separation activities resulting in the alienation of affection[s]." *Pharr*, 147 N.C. App. at 273, 554 S.E.2d at 855. This Court ultimately held the trial court correctly denied the mistress's motions for directed verdict and judgment notwithstanding the verdict.

Plaintiff argues that *Pharr* is not a statute of limitations case and cannot be interpreted so as to stay a cause of action founded upon post-separation activities. Rather, plaintiff relies on *Darnell v. Rupplin*, 91 N.C. App. 349, 371 S.E.2d 743 (1988), as authority for the proposition that the statute of limitations was tolled as the extramarital conduct constituted an ongoing violation.

In *Darnell*, defendant-mistress appealed an order in favor of plaintiff-wife in her action for alienation of affections. The husband, who worked with the mistress, developed a romantic relationship with the mistress which resulted in sexual encounters. Several of these sexual encounters occurred in North Carolina but also included sexual encounters occurring out of state. Ultimately, the mistress moved in with the husband at his residence in Maryland.

On appeal, the mistress contended that an issue of fact existed as to which state the claim for alienation of affections accrued. The mistress further argued that the trial court committed prejudicial error by refusing to submit this issue to the jury. The trial court held that the mistress's answer to the complaint contended that her actions occurred primarily out of state. This Court held the question of where the tort occurred, giving rise to the mistress's liability, was an issue of fact material to both the substantive law applicable to the wife's cause of action and the mistress's defense. In addition this Court held the mistress's answer demanded a trial by jury on all issues of fact.

The issue presented in *Darnell* is distinguishable from the issue presented in the instant case. Specifically, plaintiff has not contended that any of the acts constituting the cause of action occurred out of state. Moreover, plaintiff has conceded the acts complained of occurred pre-separation more than three years prior to filing her complaint. Based on the clear mandate of *Pharr*—"an alienation of affection[s] claim must be based on pre-separation conduct"—we must conclude that the trial court properly granted summary judg-

ment in favor of defendant as to the alienation of affections claim. *See Pharr*, 147 N.C. App. 268, 554 S.E.2d 851. Accordingly, this assignment of error is overruled.

Affirmed.

Judge HUDSON concurs.

Judge TYSON dissents in a separate opinion.

TYSON, Judge dissenting.

The majority's opinion affirms the trial court's grant of summary judgment in defendant's favor dismissing plaintiff's claim of alienation of affections. This interlocutory appeal is not properly before this Court and should be dismissed. Plaintiff also failed to comply with the North Carolina Rules of Appellate Procedure. I respectfully dissent.

## I. Appellate Review of Interlocutory Appeals

The majority's opinion correctly determines plaintiff's appeal is interlocutory as it was " 'made during the pendency of an action which [did] not dispose of the case, but instead [left] it for further action by the trial court to settle and determine the entire controversy.' " *Sharpe v. Worland*, 351 N.C. 159, 161, 522 S.E.2d 577, 578 (1999) (quoting *Carriker v. Carriker*, 350 N.C. 71, 73, 511 S.E.2d 2, 4 (1999)); *Liggett Group v. Sunas*, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993) ("A grant of partial summary judgment, because it does not completely dispose of the case, is an interlocutory order from which there is ordinarily no right of appeal."). Their opinion further recognizes there is generally no right of immediate appeal from an interlocutory order. *Travco Hotels v. Piedmont Natural Gas Co.*, 332 N.C. 288, 292, 420 S.E.2d 426, 428 (1992). An interlocutory order may only be considered on appeal where either: (1) certification by the trial court for immediate review under N.C. Gen. Stat. § 1A-1, Rule 54(b) (2003); or (2) "a substantial right" of the appellant is affected. *Tinch v. Video Industrial Services*, 347 N.C. 380, 381, 493 S.E.2d 426, 427 (1997) (citing *Bailey v. Gooding*, 301 N.C. 205, 209, 270 S.E.2d 431, 434 (1980)); N.C. Gen. Stat. § 1-277(a) (2003); N.C. Gen. Stat. § 7A-27(d) (2003). The trial court did not certify its order as immediately appealable and plaintiff did not assert in her brief a "substantial right" would be lost absent immediate review.

McCUTCHEN v. McCUTCHEN

[170 N.C. App. 1 (2005)]

Finally, the majority's opinion correctly cites Rule 28(b)(4) of the North Carolina Rules of Appellate Procedure to require the appellant's brief to include a "statement of the grounds for appellate review." N.C.R. App. P. 28(b)(4) (2004); *see Chicora Country Club, Inc. v. Town of Erwin*, 128 N.C. App. 101, 105-06, 493 S.E.2d 797, 800 (1997). The "statement of the grounds" must contain sufficient facts and argument to support appellate review on the grounds that the challenged judgment either affects a substantial right, or was certified by the trial court for immediate appellate review, if the appeal is interlocutory. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). It is the appellant's duty to provide this Court the grounds to invoke our jurisdiction and to warrant appellate review. *Id.*

Plaintiff included a "statement of the grounds for appellate review," but did not address the interlocutory nature of her appeal. Further, plaintiff did not assert in her brief any "substantial rights" that will be adversely affected if this Court does not immediately review the trial court's interlocutory order. Despite plaintiff's failure to either address the interlocutory nature of her appeal or argue in her brief the substantial right that will be lost without immediate appeal, the majority's opinion finds and sets forth that plaintiff asserts a substantial right to invoke our jurisdiction and warrant our review.

The majority's opinion bases its improper decision to reach the merits on plaintiff's oral argument of a substantial right that will be lost without immediate review. Contentions presented at oral argument, but not supported in the written briefs, will not be considered. *Mitchem v. Mitchem*, 169 N.C. 48, 52, 85 S.E. 146, 147-48 (1915). Parties are not permitted to cite or discuss authority not presented in their briefs or in memoranda of additional authority filed with the Court. *State v. Faison*, 330 N.C. 347, 362, 411 S.E.2d 143, 152, n.1 (1991); N.C.R. App. P. 28(g) (2004). A party's oral argument cannot extend beyond those arguments in their written briefs. The majority's holding permits parties at oral argument to salvage otherwise dismissible appeals or to assert additional arguments, second chance luxuries not available to those who comply with the rules and whose cases are decided upon the written briefs alone.

"Rules of Appellate Procedure are mandatory and failure to observe them is grounds for dismissal of the appeal." *State v. Wilson*, 58 N.C. App. 818, 819, 294 S.E.2d 780 (1982), *cert. denied,* —— N.C. ——, 342 S.E.2d 907 (1986); *Shook v. County of Buncombe*, 125 N.C.

App. 284, 286, 480 S.E.2d 706, 707 (1997) ("[T]he rules are not merely ritualistic formalisms, but are essential to our ability to ascertain the merits of an appeal. Furthermore, the appellate rules promote fairness by alerting both the Court and appellee to the specific errors appellant ascribes to the court below."). "It is not the role of the appellate courts . . . to create an appeal for an appellant." *Viar v. N.C. Dept. of Transportation*, 359 N.C. 400, 402, —— S.E.2d ——, —— (April 2, 2005) (No. 109A04). "[I]n fairness to all who come before this Court, [the appellate rules] must be enforced uniformly." *Shook*, 125 N.C. App. at 287, 480 S.E.2d at 708. "[O]therwise, the Rules become meaningless, and an appellee is left without notice of the basis upon which an appellate court might rule." *Viar*, 359 N.C. at 402, —— S.E.2d at —— (citation omitted). Our appellate Courts have long held that appeals should be dismissed for "failure to comply with the rules." *Pruitt v. Wood*, 199 N.C. 788, 792, 156 S.E. 126, 128 (1930); *In re Lancaster*, 290 N.C. 410, 424, 226 S.E.2d 371, 380 (1976) ("Ordinarily our legal system operates in an adversary mode. One incident of this mode is that only those who properly appeal from the judgment of the trial divisions can get relief in the appellate divisions. This can be a strict requirement.") (citation omitted).

Plaintiff's attempts at oral argument to amend her arguments to avoid dismissal does not allow review of the merits of her appeal. This appeal should be dismissed due to both its interlocutory nature and plaintiff's failure to argue in her brief any substantial rights that will be adversely affected without this Court's immediate review.

## II.  Alienation of Affections

The majority holds on the merits the statute of limitations *per se* accrues upon the date of separation for a claim of alienation of affections. I disagree. The date of actual accrual is when the tortfeasor's alienation is fully accomplished. Plaintiff proffered substantial evidence and facts to raise a genuine issue of material fact whether the alienation of her husband's affections was not fully accomplished until February 2001. Her complaint was filed on 25 April 2003, well within the three year statute of limitations. The trial court improperly granted summary judgment in defendant's favor.

### A.  Standards of Review

We review a trial court's conclusions of law under the *de novo* standard. *State v. Hyatt*, 355 N.C. 642, 653, 566 S.E.2d 61, 69 (2002) (citing *State v. Barber*, 335 N.C. 120, 129, 436 S.E.2d 106, 111 (1993)

("conclusions are questions of law which are fully reviewable by this Court on appeal"), *cert. denied*, 512 U.S. 1239, 129 L. Ed. 2d 865 (1994)), *cert. denied*, 537 U.S. 1133, 154 L. Ed. 2d 823 (2003).

The standard of review of a grant of summary judgment is well-established.

> The standard of review on appeal from the granting of a motion for summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. The moving party has the burden of establishing the lack of any triable issue of fact. A defendant may show entitlement to summary judgment by (1) proving that an essential element of the plaintiff's case is non-existent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense. Summary judgment is not appropriate where matters of credibility and determining the weight of the evidence exist.
>
> Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial. To hold otherwise . . . would be to allow plaintiffs to rest on their pleadings, effectively neutralizing the useful and efficient procedural tool of summary judgment.

*Draughon v. Harnett Cty. Bd. of Educ.*, 158 N.C. App. 705, 707-08, 582 S.E.2d 343, 345 (2003) (internal citations and quotations omitted) (alterations in original), *aff'd*, 358 N.C. 137, 591 S.E.2d 520, *reh'g denied*, 358 N.C. 381, 597 S.E.2d 129 (2004).

### 1. *De Novo* Review of Alienation of Affections

The majority's opinion correctly states that the statute of limitations for asserting a claim for alienation of affections is three years. N.C. Gen. Stat. § 1-52(5). The issue before this Court is when this cause of action accrues and the statute of limitations begins to run.

### a. Accrual of Statute of Limitations

This Court indirectly referred to this issue in *Sharp v. Teague*, 113 N.C. App. 589, 596-97, 439 S.E.2d 792, 796-97, *reh'g granted*, 336 N.C. 317, 445 S.E.2d 397-98 (1994), *rev. dismissed*, 339 N.C. 730, 456

S.E.2d 771 (1995). *Sharp* concerned claims brought by a client against her former attorneys. *Id.* One of the plaintiff's claims alleged negligence against the former attorney for failure to file an alienation of affections claim against a third party. *Id.* This Court cited 41 Am. Jur. 2d, Husband and Wife § 481 (1968) to state an "alienation of affection claim accrues at the time of the loss of affection." *Id.*

This ruling on accrual of the claim is supported by other jurisdictions which have considered the issue. *Overstreet v. Merlos*, 570 So.2d 1196, 1198 (Miss. Sup. Ct. 1990) ("The claim accrues when the alienation or loss of affection is finally accomplished.") (citation omitted); *Dobrient v. Ciskowski*, 195 N.W.2d 449, 451 (Wisc. Sup. Ct. 1972) ("Ordinarily, the alienation of affection is the gradual result of a series of wrongful acts over a substantial period of time culminating in a loss of consortium. The cause of action accrues when the alienation or loss of affection is finally accomplished." (citations omitted)); 41 Am. Jur. 2d, Husband and Wife § 284 (1995) (The statute of limitations generally commences to run against a cause of action for alienation of affections when the alienation is fully accomplished.).

### b. The Elements

The elements of alienation of affections are: (1) a marriage; (2) a genuine love and affection existed between the spouses; (3) the love and affection existing between the spouses was alienated and destroyed; and (4) the wrongful and malicious acts of the defendant caused the loss and alienation of such love and affection. *Litchfield v. Cox*, 266 N.C. 622, 623, 146 S.E.2d 641 (1966) (citations omitted). The second element of existing love and affection may be satisfied in less than stable marriages. *See* 1 Suzanne Reynolds, *Lee's North Carolina Family Law* § 5.46(A), at 394-95 (5th ed 1998) (citing *Sebastian v. Kluttz*, 6 N.C. App. 201, 208, 170 S.E.2d 104, 108 (1969) ("Although plaintiff's life with her husband apparently had not been as happy and tranquil as some marriages are, she was entitled to possess and enjoy all of her legally protected marital interests free from interference by the defendant.")); *see also Brown v. Hurley*, 124 N.C. App. 377, 380-81, 477 S.E.2d 234, 237 (1996) ("The plaintiff does not have to prove that his spouse had no affection for anyone else or that their marriage was previously one of 'untroubled bliss;' he only has to prove that his spouse had *some* genuine love and affection for him and that love and affection was lost as a result of defendant's wrongdoing.")) (citation omitted).

McCUTCHEN v. McCUTCHEN

[170 N.C. App. 1 (2005)]

Unlike the related claim of criminal conversation: (1) there need not be a definitive act which triggers liability, *see Brown*, 124 N.C. App. at 380, 477 S.E.2d at 237 (criminal conversation is defined as "actual marriage between the spouses and sexual intercourse between defendant and the plaintiff's spouse during the coverture"); and (2) the intruding third party is not always a paramour, *see* Reynolds, *supra*, § 5.46(A), at 396-97 (alienation of affection actions arise against in-law parties and near relatives, but plaintiffs may face the doctrine of family privilege as an obstacle). Alienation of affections develops from "a series of wrongful acts over a substantial period of time" resulting in an aggrieved party's loss of their loved one's affection. *See Dobrient*, 195 N.W.2d at 449.

Defendant and the majority's opinion cite *Pharr v. Beck* to hold that a claim of alienation of affections must be based upon evidence of pre-separation conduct, and post-separation conduct is admissible only as corroborative evidence. 147 N.C. App. at 273, 554 S.E.2d at 855. *Pharr* addressed whether events occurring after the date of separation may be used as evidence to *support a claim* of alienation of affections. *Id.* In contrast, the issue before us involves the *date of accrual* of the tort. The majority's opinion extends *Pharr* to hold the date of separation is the *per se* date of accrual to assert an alienation of affections claim. While *Pharr* controls the evidentiary basis for the cause of action, it does not support the majority's notion that the statute of limitations period begins to run from the date of separation *per se*.

All precedents examining this issue hold the action accrues and the statute of limitations begins to run when the loss of affection is complete. *See* Reynolds, *supra*, § 5.46(A), at 395 ("Since the spouses could have reconciled, the plaintiff has a claim when the defendant ends that opportunity.") (citing 1 H. Clark, Law of Domestic Relations § 12.2, at 656-57 (2d ed. 1987) ("The rationale is that even though the spouses are living apart, there is always a chance of reconciliation, and if the defendant's conduct has ended that chance, the action will lie.")); *see also Brown*, 124 N.C. App. at 381, 477 S.E.2d at 238 ("while a husband and wife separating appears to contradict any assertions of a 'happy marriage,' this Court has held that the mere fact of separation does not establish a lack of 'genuine love and affection' as a matter of law") (citing *Cannon v. Miller*, 71 N.C. App. 460, 468-69, 322 S.E.2d 780, 787 (1984), *vacated on other grounds*, 313 N.C. 324, 327 S.E.2d 888 (1985)). The total loss of affections and consortium may occur months or years after the date the parties separated. The exist-

ence of love and affection, whether before or after separation, "affects the credibility of his evidence, but it still remains a question for the jury." *Litchfield*, 266 N.C. at 623, 146 S.E.2d at 642.

The statute of limitations for a claim of alienation of affections is tolled until the alienation is complete, when the injury is fully realized. When this event occurs is an issue for the fact-finder to determine. *Snyder v. Freeman*, 300 N.C. 204, 208, 266 S.E.2d 593, 596 (1980) (when a cause of action accrues is a question of fact). The trial court and the majority's opinion disregards substantial evidence of the parties' numerous attempts to reconcile while separated.

Many spouses may live separate and with strained affections, but attempt to reconcile over the course of months or several years before seeking a divorce. By holding the date of separation *per se* begins the statute to run, the aggrieved party is punished for foregoing legal action during attempts to reconcile with their loved one. The ominous presence of a ticking clock from the date of separation will no doubt adversely affect any efforts towards reconciliation. Under the majority's holding, potential claims against the persistent intruder may become stale before reconciliation cease and the alienation of affections is complete.

### b. Analysis

Plaintiff proffered evidence showing her husband, Byron, and defendant met at church and began a relationship resulting from their mutual involvement there. Their relationship became intimate in September 1998. Plaintiff and Byron separated that month. Following the initial date of separation, plaintiff and Byron attempted to reconcile by attending counseling sessions, both jointly and individually. On three separate occasions, Byron expressed his desire to reconcile with plaintiff and avoid divorce. After separating, plaintiff and Byron purchased a vehicle together, paid for from a joint account. Byron told plaintiff that he had ended his relationship with defendant and planned to return to the marriage. Byron asked plaintiff to refrain from commencing legal action during this period. Plaintiff agreed, "because I wanted to save my marriage." The evidence shows these and other attempts towards the parties reconciling continued until February 2001.

Further evidence of the parties' attempts towards reconciliation beyond 9 September 1998 are shown by Byron's decision to not involve the judicial system during separation. The record is devoid of

any evidence of a separation agreement between plaintiff and Byron or attempts by Byron to seek a judicial decree of separation or divorce from bed and board. In addition, Byron did not file for divorce from plaintiff until 26 September 2000, one year and seventeen days after the date he was permitted to do so under N.C. Gen. Stat. § 50-6.

The trial court ruled and the majority's opinion affirms that plaintiff's claim against defendant for alienation of affections *per se* accrued on 9 September 1998, the date of separation. Consequently, the statute of limitations for plaintiff to assert a claim for alienation of affections would expire on 9 September 2001, three years later. Plaintiff and Byron jointly attempted to reconcile their marriage from 9 September 1998 until February 2001. These efforts included plaintiff refraining from taking legal action against defendant *at Byron's request.*

Applying the majority's holding to plaintiff's situation, her claim against defendant for alienation of affections would have expired in September 2001. As plaintiff and Byron attempted to reconcile until February 2001, plaintiff would have only six months to file her claim before the statute of limitations would have run. This holding is an unfair and punitive limitation placed upon an aggrieved party seeking to reconcile with his or her spouse, after forbearing on legal action against defendant "because [she] wanted to save her marriage." Parties whose affections are truly alienated would not have engaged in the many attempts and actions that plaintiff and her husband completed towards reconciliation. Plaintiff was not dilatory in filing her present action. This action was filed less than one year after plaintiff and Byron divorced.

Accrual of a claim for alienation of affections after the last attempts of reconciliation comports with North Carolina's demonstrated interest in the importance of protecting marriage. N.C. Gen. Stat. § 50-6 (2003) (no fault separation and wait time of a year); N.C. Gen. Stat. § 8-57(c) (2003) ("No husband or wife shall be compellable in any event to disclose any confidential communication made by one to the other during their marriage."); *see* Lee, *supra*, § 5.46(A), at 395 (neither a separation agreement nor divorce decree prevent a plaintiff from filing an action against a defendant for alienation of affections) (citations omitted); *Thompson v. Thompson*, 70 N.C. App. 147, 154-55, 319 S.E.2d 315, 320-21 (1984) (attorneys representing a client in a divorce proceeding may not use contingent fee contracts since they tend to promote divorce and discourage reconciliation), *rev'd on*

*other grounds*, 313 N.C. 313, 328 S.E.2d 288 (1985); *Cannon*, 313 N.C. 324, 327 S.E.2d 888 (the causes of action for criminal conversation and alienation of affections are recognized and valid in North Carolina); *In re Webb*, 70 N.C. App. 345, 350, 320 S.E.2d 306, 309 (1984) (" '[T]he Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition.' ") (quotation omitted), *aff'd*, 313 N.C. 322, 327 S.E.2d 879, 879-80 (1985).

Defendant's intrusion into plaintiff's marriage spanned several years prior to the date of separation. Defendant's interloping continued during plaintiff and Byron's repeated reconciliation efforts after their initial separation and eventually culminated with Byron's divorce from plaintiff and subsequent marriage to defendant. Plaintiff's injury accrued when Byron's affections were not decreased, but "alienated" upon the cessation of reconciliation efforts in February 2001. A decrease in affections as shown by the single fact of separation does not *per se* equal accrual of the claim. Plaintiff filed her complaint on 25 April 2003, within the three year statute of limitations after all reconciliation efforts ceased, and less than one year after her divorce became final.

### B. Summary Judgment

"Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *Draughon*, 158 N.C. App. at 708, 582 S.E.2d at 345. The determination of when a spouse's affections are completely alienated and the cause of action accrues is a question of fact. *See Snyder*, 300 N.C. at 208, 266 S.E.2d at 596 (when a cause of action accrues is a question of fact); *see also Litchfield*, 266 N.C. at 623, 146 S.E.2d at 642 (the existence of love and affection, whether before or after separation, "affects the credibility of . . . evidence, but it still remains a question for the jury."). The date of separation is not the *per se* end of affections and a bright line point of accrual.

Plaintiff presented sworn testimony that she and Byron attempted to reconcile until February 2001, two and a half years after they separated. Byron's own actions indicate his initial intentions to reconcile after separating from plaintiff on 9 September 1998. This creates a genuine issue of a material fact for a fact-finder to consider. Defendant was not entitled to a judgment as "a matter of law." N.C.

Gen. Stat. § 1A-1, Rule 56. The trial court erred in granting summary judgment to defendant.

### III. Conclusion

I vote to dismiss this appeal due: (1) to its interlocutory nature; (2) no trial court certification; (3) the absence of a proper assertion of a substantial right; and (4) plaintiff's failure to abide by the North Carolina Rules of Appellate Procedure. *Viar*, 359 N.C. at 402, —— S.E.2d at ——. Plaintiff should not be afforded a second opportunity to address the interlocutory nature of her appeal solely because the case was orally argued. *See Smith v. R.R.*, 114 N.C. 729, 749-50, 19 S.E. 863, 869 (1894) (warning that, "Looseness of language and *dicta* in judicial opinions, either silently acquiesced in or perpetuated by inadvertent repetition, often insidiously exert their influence until they result in confusing the application of the law, or themselves become crystallized into a kind of authority which the courts, without reference to true principle, are constrained to follow.").

In the alternative and in response to the majority's opinion addressing the merits of plaintiff's appeal, the trial court erred in granting defendant's motion for summary judgment. The date of separation is not the *per se* date of accrual for claims of alienation of affections. The cause of action accrues when the spouse's affections have been completely alienated from the aggrieved party by the defendant. This date is a question of fact for the jury.

The majority's holding punishes those attempting to reconcile their relationship and to save their injured marriages by rewarding tortious conduct by intruding third parties. Future defendants will be rewarded with an affirmative defense to an aggrieved party's desire and attempts to reconcile.

Plaintiff here is punished for working for two and a half years to save her marriage by now requiring her to have filed her claim in six months after reconciliation efforts ended. Plaintiff proffered substantial and uncontradicted evidence to show she and her husband attempted to reconcile until February 2001. Genuine issues of material fact, which a fact-finder must consider, preclude summary judgment for defendant. I respectfully dissent.