LOUIS BURTON and GARMON ENTERPRISES, INC., Plaintiffs-Appellants,
v.
ANTHONY BARBEE and GARMAN MERCEDES BMW, LLC, successor in interest of MB CONSULTANTS, INC., d/b/a MB MERCEDES, BMW, Defendants-Appellees.
No. COA08-1325
Court of Appeals of North Carolina
Filed July 21, 2009
This case not for publication
Poyner Spruill, LLP, by E. Fitzgerald Parnell, III, T. Richard Kane, and Andrew H. Erteschik; and Knox Brotherton Knox & Godfrey, by Allen Curtis Brotherton, for Plaintiffs-Appellants.
Katherine Freeman, PLLC, by Katherine Freeman; and Dozier, Miller, Pollard & Murphy, LLP, by W. Joseph Dozier, Jr., for Defendants-Appellees.
McGEE, Judge.
Plaintiffs commenced this action by filing a complaint on 3 October 2007, seeking damages from Defendants' alleged default on a promissory note, breach of contract, unjust enrichment, unfair or deceptive trade practices, and slander. Defendants answered Plaintiffs' complaint on 3 December 2007, and alleged counterclaims for fraud and breach of contract. In Defendants' answer, they included multiple defenses, including, inter alia, failure of consideration and fraud. Plaintiffs contend that their underlying claims and Defendants' counterclaims are not at issue in this appeal.
Plaintiffs were granted an extension of time to file an answer to Defendants' counterclaims, but Plaintiffs neither responded to the counterclaims before the expiration of the extension of time, nor did they request an additional extension of time to file their answer. Defendants moved for entry of default against Plaintiffs as to their counterclaims on 4 April 2008. Upon receipt of Defendants' motion for entry of default, Plaintiffs filed an answer to Defendants' counterclaims and a motion to dismiss Defendants' counterclaims. A hearing was held on 6 May 2008 on Plaintiffs' motion to dismiss Defendants' counterclaims, Defendants' motion for entry of default, and additional motions by Defendants not germane to the present appeal.
The trial court entered an order on 14 May 2008 striking Plaintiffs' answer to Defendants' counterclaims, denying Plaintiffs' motion to dismiss, and granting "default judgment" on Defendants' counterclaims for fraud and breach of contract. However, the trial court's order did not completely dispose of the issues before it. Therefore, the trial court's order did not constitute a default judgment but rather an entry of default. Stone v. Martin, 69 N.C. App. 650, 652-53, 318 S.E.2d 108, 110 (1984) ("Although [the trial court] ordered `a judgment of default,' [it] clearly intended only entry of default, since [it did not decide all issues before it]."). The trial court's order striking Plaintiffs' answer to Defendants' counterclaims and its entry of default on Plaintiffs' failure to timely reply to Defendants' answer and counterclaims stated it was based on "discovery abuse, [violation of] the scheduling Order of [the trial court] and [violation of] the mandatory Rules of Civil Procedure in this matter, resulting in prejudice to the Defendants, justifying the issuance of sanctions[.]"
Plaintiffs filed a notice of appeal from the 14 May 2008 order. In an order entered on 8 July 2008, the trial court granted partial summary judgment to Defendant MB Consultants, Inc. (Defendant MB) "as to its Fifth Affirmative defense (Failure of Consideration), and Eighth Affirmative Defense (Fraud,)" entitling Defendant MB "to a set-off against any claims established by. . . Plaintiffs against . . . Defendants." The 8 July 2008 order further stated that the "trial of this matter will be bifurcated and Defendants' claim for rescission will first be determined by the trial Court sitting as a Court of Equity" and upon the conclusion of that phase, "any remaining issues may be determined as to damages upon Plaintiffs' claim and upon Defendants' counter-claims with the aid of a jury." The trial court also granted summary judgment in favor of Defendant Anthony Barbee (Defendant Barbee) in his individual capacity, concluding "that there is no genuine issue as to any of Plaintiffs' claims against [Defendant Barbee] and [Defendant Barbee] is entitled to judgment in his favor as a matter of law."
The trial court's 8 July 2008 order was based in part on the earlier order striking Plaintiffs' answer and entering default against Plaintiffs on Defendants' counterclaims. The trial court certified the 8 July 2008 order for immediate appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), stating: "This Court hereby certifies that this is a final Order denying summary judgment to the Plaintiffs; granting summary judgment to Defendant. . . Barbee; and granting partial summary judgment to Defendant MB Consultants, [Inc.] and that there is no just cause for delay of appeal from this Order." Plaintiffs filed notice of appeal from the 8 July 2008 summary judgment order on 5 August 2008. Plaintiffs Filed a motion to withdraw their appeal from the 14 May 2008 order on 10 November 2008, and that appeal was dismissed.
The dispositive issue concerns whether our Court has jurisdiction to consider this appeal.
We first note that Plaintiffs state in their brief the following grounds for appellate review:
This Court has jurisdiction over this appeal pursuant to N.C. Gen. Stat. § 1-277, N.C. Gen. Stat. § 7A-27(b), Rule 54(b) of the North Carolina Rules of Civil Procedure, and Rule 3 of the North Carolina Rules of Appellate Procedure.
This statement of the grounds for appellate review does not comply with Rule 28(b)(4) of the North Carolina Rules of Appellate Procedure which states:
[This statement] shall include citation of the statute or statutes permitting appellate review. When an appeal is based on Rule 54(b) of the Rules of Civil Procedure, the statement shall show that there has been a final judgment as to one or more but fewer than all of the claims or parties and that there has been a certification by the trial court that there is no just reason for delay. When an appeal is interlocutory, the statement must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.
N.C.R. App. P. 28(b)(4). Failure to conform to the mandate of Rule 28(b)(4) may subject the appeal to dismissal. Slaughter v. Swicegood, 162 N.C. App. 457, 462-63, 591 S.E.2d 577, 581-82 (2004); Munden v. Courser, 155 N.C. App. 217, 218-19, 574 S.E.2d 110, 111-12 (2002); see also Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., 362 N.C. 191, 200, 657 S.E.2d 361, 367 (2008).
Plaintiffs' statement of the grounds for appellate review does not include an argument that any order of the trial court constitutes a final judgment of any claims, nor does it include any facts or argument supporting a claim that any interlocutory orders affect a substantial right. Slaughter, 162 N.C. App. at 462-63, 591 S.E.2d at 581-82 (2004); see also Pers. Earth Movers, Inc. v. Thomas, 182 N.C. App. 329, 641 S.E.2d 751 (2007). "`"It is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal . . . and not the duty of this Court to construct arguments for or find support for appellant's right to appeal[.]"'" Slaughter, 162 N.C. App. 457, 463, 591 S.E.2d 577, 581 (citations omitted). When appellants are attempting to appeal from interlocutory orders, they must meet their burden of presenting appropriate grounds for appellate review to this Court in support of their argument that immediate appeal is proper. Id.; see also Veazey v. Durham, 231 N.C. 357, 363-64, 57 S.E.2d 377, 382 (1950) ("There is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders. The rules regulating appeals from the Superior Court to the [appellate courts] are designed to forestall the useless delay inseparable from unlimited fragmentary appeals, and to enable courts to perform their real function, i.e., to administer `right and justice . . . without sale, denial, or delay.' N. C. Const., Art. I, Sec. 35.").
Further:
N.C.R. App. P. 3(d) provides that an appellant's notice of appeal "shall designate the judgment or order from which appeal is taken[.]" An appellant's failure to designate a particular judgment or order in the notice of appeal generally divests this Court of jurisdiction to consider that order.
Yorke v. Novant Health, Inc., ___ N.C. App. ___, ___, 666 S.E.2d 127, 133 (2008).
In the case before us, Plaintiffs do not include in their notice of appeal the 14 May 2008 order striking Plaintiffs' "motion to dismiss and answer" to Defendants' counterclaims and entering default against Plaintiffs on Defendants' counterclaims. Plaintiffs' notice of appeal only includes the 8 July 2008 order granting Defendants' partial summary judgment, and denying Plaintiffs' motion for summary judgment. Therefore, pursuant to Rule 3 of the North Carolina Rules of Appellate Procedure, we lack jurisdiction to consider Plaintiffs' issues on appeal, which solely involve the 14 May 2008 order striking Plaintiffs' "motion to dismiss and answer" and entering default against Plaintiffs on Defendants' counterclaims.
Plaintiffs' appeal is not preserved by the certification by the trial court in the 8 July 2008 order stating "[the trial court] hereby certifies that this is a final Order denying summary judgment to . . . Plaintiffs; granting summary judgment to Defendant . . . Barbee; and granting partial summary judgment to Defendant MB Consultants, [Inc.] and that there is no just cause for delay of appeal from this Order."
"Rule 54(b) of the Rules of Civil Procedure allows appeal if the specific action of the trial court from which appeal is taken is final and the trial judge expressly determines that there is no just reason to delay appeal." "[A] trial judge by denominating his decree a final judgment cannot make it immediately appealable under Rule 54(b) if it is not such a judgment." In [a prior opinion], this Court dismissed a defendant's attempt to appeal from a granted Rule 60(b)(1) motion holding that:
"The order appealed from is interlocutory. It does not affect any substantial right of defendants which cannot be protected by timely appeal from the trial court's ultimate disposition of the entire controversy on the merits. Its only effect is to require defendants to face a trial on the merits. . . ."
Anglin-Stone v. Curtis, 146 N.C. App. 608, 609-10, 553 S.E.2d 244, 245 (2001) (internal citations omitted) (emphasis added); see also Schuch v. Hoke, 82 N.C. App. 445, 346 S.E.2d 313 (1986).
In the case at bar, the orders of the trial court denying defendant's motion for summary judgment against the [plaintiffs] and granting the [plaintiffs'] motion for summary judgment against defendant determined the issue of liability and left only the question of damages for trial. Such an order does not affect a substantial right and is therefore not immediately appealable. Therefore, defendant . . . could properly appeal only from the final judgment in the case. Because defendant appealed only from the entry of partial summary judgment, its appeal must be dismissed[.]
Freeman v. Reliance Ins. Co., 68 N.C. App. 620, 622, 315 S.E.2d 798, 800 (1984). In this case, the 8 July 2008 order left issues to be decided at trial. With respect to the grant of summary judgment in favor of Defendant Barbee, that issue was finally determined, in that all claims against Defendant Barbee were dismissed, and certification for immediate appeal was appropriate for that particular issue.
However, Plaintiffs' arguments on appeal are focused entirely on the 14 May 2008 order striking their answer and entering default against them on Defendants' counterclaims. Plaintiffs' arguments on appeal are not directed in any significant manner towards the 8 July 2008 order granting summary judgment in favor of Defendant Barbee.
Plaintiffs' first argument on appeal included no assignments of error relating to the 8 July 2008 order, which is a violation of Rule 28(b)(6), subjecting this argument to dismissal. N.C.R. App. P. 28(b)(6) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned."); Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., 362 N.C. 191, 200, 657 S.E.2d 361, 367 (2008).
In Plaintiffs' second argument, they reference their seventh assignment of error, which states that Plaintiffs assign as error: "The Superior Court's entry of summary judgment in favor of Defendants and against Plaintiffs pursuant to Rule 56 of the North Carolina Rules of Civil Procedure." First, this assignment of error fails to "state plainly . . . the legal basis upon which error is assigned. An assignment of error is sufficient if it directs the attention of the appellate court to the particular error about which the question is made[.]" N.C.R. App. P. 10(c)(1). Second, in their briefing of this argument, Plaintiffs make no mention of the trial court's grant of summary judgment in Defendants' favor, and thus include no argument or citations to legal authority in support of any claim that the trial court's grant of summary judgment was in error. Again, this failure constitutes an abandonment of this argument. N.C.R. App. P. 28(b)(6) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned."); Dogwood, 362 N.C. at 200, 657 S.E.2d at 367. We further hold that N.C. Gen. Stat. §§ 1-277 and 7A-27(b) (2007) do not provide Plaintiffs with any right to appeal these interlocutory orders, as Plaintiffs have made no claim or argument that either order affects a substantial right.
Because Plaintiffs failed to include the 14 May 2008 order in their notice of appeal, this Court lacks jurisdiction to consider Plaintiffs' attempted appeal, and we must therefore dismiss it. N.C.R. App. P. 3(d); Dogwood, 362 N.C. at 197-98, 657 S.E.2d at 365.
Dismissed.
Judges GEER and BEASLEY concur.
Report per Rule 30(e).